NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>XIU LAN GUO FAN,<br><br>           Debtor. | On Appeal from an Order from the United States Bankruptcy Court, District of New Jersey |
| XIU LAN GUO FAN,<br><br>           Appellant,<br><br>v.<br><br>CATHERINE E. YOUNGMAN,<br><br>           Appellee. | Civ. No. 12-7585<br><br>Opinion |

THOMPSON, U.S.D.J.

## I.     INTRODUCTION

This matter has come before the Court on an appeal brought by Appellant Xiu Lan Guo Fan ("Appellant") of the Order issued by the Bankruptcy Court on October 18, 2012 ("the October 18 Order"), which denied Appellant's cross-motion to dismiss the bankruptcy petition. (Docket Entry No. 1). Appellee Catherine E. Youngman ("Appellee") opposes the appeal. (Docket Entry No. 5). The Court has decided the matter based on the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court assumes the parties underlying familiarity with the facts of this case. For the reasons given below, the appeal of the October 18 Order of the Bankruptcy Court is denied.

## II.    FACTUAL BACKGROUND

On June 15, 2012, Appellant filed a voluntary petition for relief under Chapter 7 of Title 11 the United States Bankruptcy Code.  Petition, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. June 15, 2012), ECF No. 1.  On June 21, 2012, the Office of the United States Trustee appointed Appellee as the Chapter 7 trustee for Appellant's bankruptcy estate.  Appointment, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. June 21, 2012), ECF No. 8.

On her bankruptcy petition, Appellant listed an interest in her residence located at 1117 Roseberry Court, Morganville, New Jersey 07751 (the "Property") and valued the Property at $230,000.  Summary of Schedules at 1, 3, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. June 15, 2012), ECF No. 7.  The Property is encumbered by a mortgage held by Wells Fargo Bank and valued at $70,282.71.  Summary of Schedules at 3.

On the Petition, Appellant also listed three creditors – JP Morgan Chase Bank, Bank of America, and Citibank – that hold unsecured, non-priority claims of $19,031.56, $13,222.61, and $10,253.06, respectively.  Summary of Schedules at 11.  Appellant disclosed that one creditor, Citibank, had initiated a collection suit.  Statement of Financial Affairs at 3, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. June 15, 2012), ECF No. 5.

In the initial filings, Appellant also claimed an exemption of $146,450.00 in the property under 11 U.S.C. § 522(b)(2).  Summary of Schedules at 7.  According to Appellant, she was unaware at the time that the provision does not provide any exemptions.  (Appellant's Br., Docket Entry No. 4 at 1).

On August 1, 2012, Appellee filed a Motion for Entry of an Order Disallowing Debtor's Claims of Exemption.  Mot. for Entry of Order, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. Aug. 1, 2012), ECF No. 11 Attach. 1.  Realizing that she could lose the Property, Appellant then filed a cross motion on September 26, 2012, seeking dismissal of the petition.

Cross Mot., *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. Sept. 26, 2012), ECF No. 23, Attach. 1.  The motion was denied by the Bankruptcy Court on October 18, 2012.  Order, *In re Xiu Lan Guo Fan*, No. 12-25396 (Bankr. D.N.J. Oct. 18, 2012), ECF No. 25.  Appellant now appeals the Bankruptcy Court's October 18 Order denying the cross motion to dismiss.  (Docket Entry No. 1).

### III.   ANALYSIS

District courts have jurisdiction to hear appeals of the decisions of bankruptcy judges.  28 U.S.C. § 158(a).  In such cases, district courts review the decisions of the bankruptcy judges *de novo* on issues of law and for clear error as to factual findings.  *See In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998).  "The district court must give conclusive effect to exercises of discretion by the bankruptcy court unless such an exercise constitutes an abuse of discretion."  *Scaffidi v. DeSoto*, Civ. No. 06-3786, 2007 WL 2156358, at *2 (D.N.J. July 25, 2007) (citing *In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3d Cir. 1992)).

Under Section 707(a), a bankruptcy petition may be dismissed only for cause.  11 U.S.C. § 707(a).  "Although the Code does not expressly address whether § 707(a) applies to a debtor seeking voluntary dismissal of his own petition, courts have found that chapter 7 debtors may move for voluntary dismissal under this section."  *In re Jabarin*, 395 B.R. 330, 337 (Bankr. E.D. Pa. Oct. 15, 2008) (internal quotations omitted).  Debtors seeking to voluntarily dismiss their petition, therefore, have the "burden of demonstrating sufficient cause."  *See id*.  Thus, while debtors "have an absolute right to file a bankruptcy petition, there is no absolute right to dismiss it."  *In re Stephenson*, 262 B.R. 871, 873 (Bankr. W.D. Okla. Apr. 27, 2001); *see also In re Jabarin*, 395 B.R. at 337; *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986).

The Bankruptcy Code does not define "cause."  *In re Jabarin*, 395 B.R. at 337.  When deciding whether a debtor's request for voluntary dismissal should be granted, courts conduct a

3

"factually intensive assessment of the debtor's reasons for requesting dismissal and of the impact dismissal can be expected to have on the creditors." *Id*. at 339.  This assessment requires the court to "balance the equities and consider the benefits and prejudice of dismissal." *In re Mara*, 179 B.R. 782, 785 (Bankr. M.D. Pa. 1995).  "[T]he two recurring factors in the court's analysis can be summarized as: (i) good faith of the debtor; and (ii) prejudice to the creditors." *In re Jong Hee Kang*, 467 B.R. 327, 335 (Bankr. D.N.J. Feb. 27, 2012).  "In its simplest terms, the test [for cause] turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, with particular emphasis on whether the dismissal would be prejudicial to creditors." *In re Aupperle*, 352 B.R. 43, 46 (Bankr. D.N.J. Mar. 3, 2005).  A number of courts recognize that "[e]ven if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors." *In re Hopkins*, 261 B.R. 822, 823 (Bankr. E.D. Pa. 2001) (citing *In re Turpen*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000)).

Dismissal of a petition may result in prejudice to creditors where the debtor "has not presented any credible or viable plan for paying his creditors outside of bankruptcy."  *See In re Jabarin*, 395 B.R. at 343; *see also In re Cohara*, 324 B.R. 24, 29 (B.A.P. 6th Cir. 2005); *In re Hopper*, 404 B.R. 302, 311 (Bankr. N.D. Ill. 2009).  Even where a debtor proposes to pay all creditors in full, a request for dismissal may be denied if there is doubt over a debtor's ability to pay his creditors.  *In re Hopper*, 404 B.R. at 823.

Here, Appellant argues that dismissal is required in light of *In re Aupperle*, however, this case is easily distinguished.  In *In re Aupperle*, the bankruptcy court granted the debtor's request for voluntary dismissal where (1) it was the debtor's first bankruptcy filing; (2) there were no prepetition collection efforts; (3) the debtor was unaware that she might lose her residence through the filing; (4) she had an additional source of income available to her to assist her with her debts; and (5) the bankruptcy filing had only a nominal impact on her prepetition creditors.

4

*In re Aupperle*, 352 B.R. at 48.  In this case, however, Appellant has not indicated that additional assets or sources of income exist to supplement her monthly income of $704.  As such, she has not established that she can pay her creditors outside of bankruptcy.  Furthermore, this case differs from *In re Aupperle*, because unlike in that case, a prepetition collection action was instituted against Appellant.  Therefore, dismissal of the petition at this time would prejudice Appellant's creditors and Appellant has not established cause to dismiss her petition.

### IV.   CONCLUSION

For the foregoing reasons, Appellant's appeal of the Bankruptcy Court's October 18 Order is denied.  An appropriate order will follow.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.


Date:  February 26, 2013